10933

STATE v. WHITE

(112 S. E. 823)

LARCENY—EVIDENCE THAT RECENTLY STOLEN PROPERTY WAS FOUND
    IN BUGGY OWNED BY DEFENDANT'S WIFE HELD INSUFFICIENT FOR
    SUBMISSION TO JURY.—In a prosecution for larceny of cotton, it
    was error to refuse to direct an acquittal on evidence that the
    cotton, shortly after it was stolen, was found in a buggy owned by
    defendant's wife, and that defendant's horse was attached to the
    buggy; there being no evidence that defendant was in possession
    of the buggy.

Before SHIPP, J., Greenville, March, 1920.  Reversed.

Will White convicted of larceny and appeals.

*Messrs. Bonham & Price* and *Dean, Cothran & Wyche,*
for appellant, cite: *Possession of stolen goods must be
personal and exclusive to raise presumption of guilt*: 25
Cyc., 139; 18 A. & E. Enc. L.; 17 R. C. L., 73; 22 Ga.,
633; 95 S. E., 154; 101 Am. St. Rep., 474; 3 Greenl. Ev.,
Sec. 32.

*Mr. J. Robert Martin, Solicitor,* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The appellant was indicted for larceny of cotton of the
value of $25.00.  There was evidence to show that the
cotton was stolen from the field of Mr. F. W. Howard, that
it was found in a buggy owned by the wife of the appellant,
and that the appellant's horse was attached to the buggy
and tied to a tree.  The horse, buggy, and cotton were car-
ried to the house of Magistrate Moore, nearby.  The cot-
ton was found about midnight.  About daylight the next
morning the appellant and several members of his family
appeared at the Magistrate's house and said the horse and
buggy had been stolen the night before, and that they had

come to procure the assistance of the Magistrate in securing the possession of their stolen property. The State claimed that recently stolen property was found in the possession of the appellant, and relied solely on that possession for a conviction. The defendant asked for a direction of a verdict of not guilty. It was refused. The appellant appealed. This was error. There was no evidence to show that the appellant was in possession of the buggy that night, and therefore no evidence to show that he was in possession of the recently stolen cotton. The explanation he gave was reasonable and entirely uncontradicted.

The judgment is reversed.

MR. JUSTICE COTHRAN disqualified, having been of counsel in the case.